# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jennifer Schroeder,                         :
                Petitioner          :
                              :
            v.                                   :        No. 382 C.D. 2020
                              :        Submitted:  September 25, 2020
Pennsylvania Parole Board,          :
                Respondent       :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                  HONORABLE MICHAEL H. WOJCIK, Judge
                  HONORABLE ELLEN CEISLER, Judge


**OPINION NOT REPORTED**


MEMORANDUM OPINION BY
JUDGE COHN JUBELIRER                         FILED:  January 14, 2021

Jennifer Schroeder (Schroeder) petitions for review of the March 4, 2020 Order of the Pennsylvania Parole Board (Board) that affirmed the Board's August 19, 2019 Decision that recommitted Schroeder as a technical parole violator (TPV) and as a convicted parole violator (CPV), ordered her to serve her unexpired term of one year, seven months, and four days, and denied her credit for time spent at liberty on parole, also known as "street time."  Also before the Court is the Motion to Withdraw Appearance (Motion to Withdraw) of Schroeder's appointed counsel (Counsel), wherein Counsel requests leave to withdraw as attorney for Schroeder. Because Counsel has not satisfied the requirements necessary to withdraw as appointed counsel, we deny, without prejudice, Counsel's Motion to Withdraw.

Schroeder was convicted in Delaware County of retail theft and sentenced to one year and two months to three years of incarceration, with a maximum sentence date of September 29, 2020. (Sentence Summary, Certified Record (C.R.) at 1-2.) Schroeder was released on parole on January 6, 2019, and was permitted to transfer to the State of Delaware, where she arrived on January 15, 2019. (Supervision History, C.R. at 32.) Based on an April 4, 2019 Interstate Commission for Adult Offender Supervision report in which the State of Delaware notified Pennsylvania that Schroeder had absconded from supervision, (C.R. at 11-12), the Board declared Schroeder delinquent from supervision as of April 2, 2019, (*id.* at 13). On April 25, 2019, the New Castle Police Department in the State of Delaware arrested Schroeder for allegedly burglarizing vehicles. (Criminal Arrest and Disposition Report, C.R. at 24.) On the same day, the Board issued a Warrant for Arrest of Paroled Prisoner, authorizing Schroeder's arrest and detention for violating the terms of her parole. (C.R. at 14.)

On June 20, 2019, the Superior Court of the State of Delaware found Schroeder guilty of burglary in the third degree and sentenced her accordingly. (Sentence Order, C.R. at 26.) On July 5, 2019, Schroeder was extradited to Pennsylvania. (Supervision History, C.R. at 32.) The Board presented Schroeder with the charges against her – failing to maintain contact with parole supervision staff and being convicted of burglary in the third degree. (Notice of Charges and Hearing, C.R. at 33.) Schroeder elected to admit those violations and waive a formal hearing. (Waiver of Violation/Revocation Hearings and Counsel and Admission Forms, C.R. at 35-36.)

By action recorded August 19, 2019, and delivered on August 20, 2019, the Board recommitted Schroeder as a TPV and CPV to serve her unexpired term of

one year, seven months, and four days. (Decision, C.R. at 49-50.) The Board indicated it did not award Schroeder credit for time spent at liberty on parole because she "absconded while on supervision." (*Id.* at 50.) Using June 20, 2019, as the custody for return date, the Board recalculated Schroeder's new maximum sentence date as January 22, 2021, based upon 582 days of backtime owed. (Order to Recommit, C.R. at 47-48.)

On September 9, 2019, Schroeder mailed to the Board a Petition for Administrative Review to which she attached a letter asking the Board to "award [her] the 4 months of street time that [she] lost . . . ." (C.R. at 51-52.) Schroeder explained that after she was paroled, she ran out of her medication, "was not thinking clearly at all," and her "behavior became more erratic." (*Id*. at 52.) On January 7, 2020, Schroeder mailed a letter to the Board inquiring as to the status of her September 2019 appeal and summarizing her earlier request that she be awarded her street time and her original maximum date be restored. *(Id*. at 54-55.)

The Board responded to Schroeder's Petition for Administrative Review on March 4, 2020. It determined that Schroeder's "plea for leniency regarding [her] time spent at liberty on parole" does not "qualify as a request for relief" under the Board's regulation at 37 Pa. Code § 73.1, which governs administrative appeals and petitions for administrative review. (Board's Order, C.R. at 57.) Accordingly, the Board dismissed Schroeder's Petition for Administrative Review for "failure to present adequate factual and legal points for consideration against the Board" and affirmed the August 19, 2019 Decision. (*Id*.)

On April 7, 2020, Schroeder filed a pro se Petition for Review (Petition) with this Court.[1] She raised one issue for review – "[f]ailure to present adequate

---

[1] Because the Board mailed its response to Schroeder's Petition for Administrative Review on March 4, 2020, Schroeder's Petition was due by April 3, 2020. Though our records

factual [and] legal points for consideration against the [B]oard." (Petition ¶ 5.) Schroeder attached to her Petition a copy of the letter that she originally provided to the Board with her Petition for Administrative Review. In response to Schroeder's request that the Court appoint her counsel, on April 29, 2020, we ordered Counsel to appear for Schroeder within 30 days. On June 15, 2020, Counsel entered his appearance on behalf of Schroeder.

On July 20, 2020, Counsel filed his Motion to Withdraw and a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). Where a parolee's right to counsel is constitutional rather than statutory, appointed counsel must file an *Anders* brief in support of a petition to withdraw. A constitutional right to counsel arises in appeals from determinations revoking parole and exists where a parolee has a

> colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.

*Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 24, 26 (Pa. Cmwlth. 2009) (quoting *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973)). Where a parolee's right to counsel is not guaranteed by the United States Constitution but instead is granted by statute, a no-merit letter is sufficient, and counsel need not submit an *Anders* brief. *See* Section 6(a)(10) of the Public Defender Act, Act of December 2,

---

indicate a filing date of April 7, 2020, Schroeder's Petition was nonetheless timely given the Court's March 18, 2020 Administrative Order that extended by 30 days the deadlines "set forth in Pennsylvania Rules of Appellate Procedure 903 and 1512 that come due between March 16, 2020, and April 17, 2020, for filing an appeal from an order issued by a court or government unit prior to March 16, 2020."

1968, P.L. 1144, *as amended*, 16 P.S. § 9960.6(a)(10); *Commonwealth v. Santiago*, 978 A.2d 349, 351 n.2 (Pa. 2009); *Hughes*, 977 A.2d at 24-25. Here, Schroeder has a statutory rather than a constitutional right to counsel because she admitted the parole violations with which the Board charged her. (Waiver of Violation/Revocation Hearings and Counsel/Admission Forms, C.R. at 35-36.) Therefore, Counsel was not required to file an *Anders* brief.

When appointed counsel files an *Anders* brief when a no-merit letter would have been sufficient, as it is here, this Court will accept an *Anders* brief in lieu of a no-merit letter if the *Anders* brief complies with the substantive requirements of a no-merit letter. *Seilhamer v. Pa. Bd. of Prob. & Parole*, 996 A.2d 40, 42-43 (Pa. Cmwlth. 2010). A *Turner* or no-merit letter must contain: (1) the nature and extent of counsel's review; (2) the issues the petitioner wishes to raise; and (3) counsel's analysis in concluding that the petitioner's appeal is without merit. *Commonwealth v. Turner*, 544 A.2d 927, 928 (Pa. 1988); *Hughes*, 977 A.2d at 24-25. In addition, counsel must send the petitioner a copy of the *Turner* letter, "a copy of counsel's petition to withdraw," and a statement advising the petitioner of his or her right to proceed by new counsel or pro se. *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009) (citation omitted). After counsel satisfies the procedural requirements of *Turner*, this Court will "conduct its own review of the merits of the case." *Id.* (citation omitted).

Here, Counsel has not satisfied the requirements necessary to withdraw as appointed counsel. Counsel's unsigned *Anders* brief is fatally flawed. First, although the *Anders* brief reveals the nature and extent of Counsel's review, that review suffers from numerous factual errors. For example, Counsel states that Schroeder was convicted of retail theft in Maryland while on parole. (*Anders* Brief

(Br.) at 6.) This is incorrect. While Schroeder was on parole, the Superior Court of the State of Delaware found her guilty of burglary in the third degree. (Sentence Order, C.R. at 26.) In addition, Counsel states that Schroeder was paroled by the Board "on a conviction for [b]urglary." (*Anders* Br. at 6.) Again, this is incorrect. Schroeder was, in fact, paroled on a conviction for retail theft. (Sentence Summary, C.R. at 1-2.) While these factual errors might not, by themselves, be enough to deny a withdrawal request, they reflect a lack of care in Counsel's review of the record.

Second, Counsel has misidentified the Order being reviewed by this Court and the jurisdiction of the Court. Counsel repeatedly identifies the order subject to review as the Board's **August 19, 2019 Decision**, wherein the Board recommitted Schroeder as a TPV and CPV and denied her credit for time spent at liberty on parole. (*Anders* Br. at cover, 2-2(a).) However, Schroeder petitioned this Court for review of the Board's **March 4, 2020 Order** that dismissed Schroeder's Petition for Administrative Review. There is not a single mention in Counsel's *Anders* brief of the March 4, 2020 Order that the Court is reviewing pursuant to Schroeder's Petition. Similarly absent from Counsel's *Anders* brief is any mention of Schroeder's Petition for Administrative Review and the claims **she made** in response to the August 19, 2019 Decision. Further, contrary to Counsel's *Anders* brief, the Board's Order is not "a final order entered in a criminal case" that is subject to the Superior Court's jurisdiction under Section 742 of the Judicial Code, 42 Pa.C.S. § 742. (*Anders* Br. at 1.) Rather, **this Court's** jurisdiction to review the Board's orders is found in Section 763(a) of the Judicial Code, 42 Pa.C.S.

6

§ 763(a).[2]  While this latter issue might not warrant denial of a withdrawal request, as it does not prevent us from acting within our proper jurisdiction, it, again, demonstrates a lack of care in Counsel's review of this matter.  The former issue, however, is a critical error, because it improperly frames the matter for review not only by Counsel but, potentially, by the Court.

Third, Counsel does not address the issue that Schroeder raises on appeal.  In his *Anders* brief, Counsel focuses on the Board's authority to deny Schroeder her street time, arguing that Schroeder's Petition is without merit because "the [Board] had the authority to find [] [Schroeder was] a [CPV] and . . . had the authority to recommit [] [Schroeder] to prison and the discretion [to] deny credit for the period of parole . . . ."  (*Anders* Br. at 7.)  Such argument might be appropriate had the Court been reviewing the August 19, 2019 Board Decision; however, it is not.[3]  Instead, the Court is reviewing the Board's March 4, 2020 Order, as reflected in Schroeder's Petition, which cites the language used by the Board, "[f]ailure to present adequate factual [and] legal points for consideration against the [B]oard."  (Petition ¶ 5.)  Thus, Schroeder's Petition focuses not on the August 19, 2019 Decision recommitting her and denying her street time request, but instead on the Board's March 4, 2020 Order, which determined:

> Your request for relief does not indicate that the Board made any actual evidentiary, procedural, or calculation errors in revoking your parole.  The only thing you request from the Board is a general plea for leniency regarding your time spent at liberty on parole.  A general

---

[2] We further note that despite this Court having its own precedent relating to what is required for counsel to withdraw from a case, Counsel cites only Superior Court decisions on the subject.

[3] Moreover, Counsel does not indicate that his argument is an interpretation of what Schroeder is attempting to raise in the Petition, which is not surprising, as there is no mention of the Petition in the *Anders* brief.

plea for leniency does not qualify as a request for relief under [37 Pa. Code § 73.1]. Therefore, your request for relief must be dismissed for **failure to present adequate factual and legal points for consideration against the Board**.

(Board's Order, C.R. at 57 (emphasis added).) The Board's Order found that Schroeder's Petition for Administrative Review and the letter attached thereto were insufficient to enable the Board to understand and address her claims. The Board did not address the prior exercise of its discretion to deny Schroeder her street time.

Because Counsel did not correctly identify the Board Order being reviewed or the issue Schroeder raised in her appeal from that Order, Counsel's analysis to support his conclusion that Schroeder's appeal is without merit is inapposite. Citing to this Court's decision in *Kazickas v. Pennsylvania Board of Probation and Parole*, 226 A.3d 109 (Pa. Cmwlth. 2020), Counsel addresses a challenge to the Board's Decision denying Schroeder's street time request, stating that the Board "may deny credit for the current period of parole after hearing" to parolees, like Schroeder, that commit a new crime while on parole. (*Anders* Br. at 8.) While this is a correct statement of the law, this is not the issue Schroeder raised in her Petition or addressed by the Board in the March 4, 2020 Order. Rather, it appears that the relevant analysis to determining whether the Board's Order should be affirmed is whether the Board erred or abused its discretion in dismissing Schroeder's Petition for Administrative Review pursuant to 37 Pa. Code § 73.1.[4]

---

[4] The regulation states in relevant part that: "[t]he failure of a petition for administrative review to present with accuracy, brevity, clearness and specificity whatever is essential to a ready and adequate understanding of the factual and legal points requiring consideration will be a sufficient reason for denying the petition." 37 Pa. Code § 73.1(b)(2).

Finally, we note that it is unclear whether Counsel served Schroeder with his *Anders* brief;[5] however, given our disposition, we will not require him to file a certificate of service evidencing such service.

Based upon the foregoing, we deny Counsel's Motion to Withdraw without prejudice. Counsel is granted twenty (20) days from the date of this Court's Order to either file a renewed application to withdraw, along with an amended no-merit letter, or submit a brief on the merits of Schroeder's Petition for Review.

_____
**RENÉE COHN JUBELIRER,** Judge

---

[5] In his *Anders* brief, Counsel represents that he served Schroeder with a copy of the brief. In addition, in Counsel's letter to Schroeder, a copy of which is attached to his *Anders* brief, Counsel states that he enclosed the brief for Schroeder's review. However, based on our review of the filings in this case, it is unclear whether Schroeder was furnished with a copy of the *Anders* brief. Counsel filed both his Motion to Withdraw and *Anders* brief on July 20, 2020. While the certificate of service that appears to correspond to the Motion to Withdraw includes Schroeder, the certificate of service that appears to correspond to the *Anders* brief does not include Schroeder. In accordance with our precedent, Counsel must file a certificate of service demonstrating that a copy of his *Anders* brief was served upon Schroeder. *Durham v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 1338 C.D. 2016, filed Oct. 11, 2017), slip op. at 6; *Riede v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 337 C.D. 2015, filed Aug. 8, 2016), slip op. at 5. Unreported panel decisions of this Court may be cited for their persuasive value pursuant to Rule of Appellate Procedure 126(b)(2), Pa.R.A.P. 126(b)(2), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jennifer Schroeder,                         :
                Petitioner          :
                                :
          v.                     :    No. 382 C.D. 2020
                                :
Pennsylvania Parole Board,              :
                Respondent        :

## O R D E R

**NOW**, January 14, 2021, the Motion to Withdraw Appearance filed by Jennifer Schroeder's appointed counsel (Counsel) is **DENIED** without prejudice. Counsel is granted twenty (20) days from the date of this Order to either file a renewed application to withdraw, along with an amended no-merit letter, or submit a brief on the merits of Schroeder's Petition for Review.

                                        _____

                                        **RENÉE COHN JUBELIRER,** Judge